# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Daniel Hughes,
    Plaintiff

vs

Rovanious Wilson,
    Defendant

Case No. C-1-03-769
(Spiegel, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant United States'[1] Motion to Dismiss and Memorandum in Support (Doc. 10), Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 12), and Defendant's Reply Memorandum in Support of United States' Motion to Dismiss (Doc. 13).

## BACKGROUND

This is an action originally brought in Hamilton County Municipal Court, Small Claims Division by plaintiff Daniel Hughes, *pro se*, against Rovanious Wilson, an employee of the United States Department of Veteran Affairs for the alleged improper transmission of mail. (Doc. 1, Exh. 1). The United States Attorney for the Southern District of Ohio, pursuant to 28 U.S.C. §2679 and 28 C.F.R. §15.3, has certified that Plaintiff's cause of action arises from conduct

---

[1] The United States brings this motion as the proper party defendant in this action. Plaintiff brought this action against Rovanious Wilson, an employee of the Department of Veterans Affairs. Attached to Defendant's motion is the Certification of Gregory G. Lockhart, the United States Attorney for the Southern District of Ohio, certifying that the named defendant, Rovanious Wilson, was acting within the scope of his employment. As such, we find that the United States is the proper party defendant to this action.

during which Rovanious Wilson was an employee of the Department of Veterans Affairs and acting within the scope of his federal employment. (Doc. 10, Exh. A). On this basis, the United States, through the United States Attorney for the Southern District of Ohio, filed a petition for removal of this lawsuit from Hamilton County Municipal Court to the United States District Court for the Southern District of Ohio. (Doc. 1).

Additionally, the United States seeks to substitute itself for Rovanious Wilson as the sole defendant in this case pursuant to 28 U.S.C. §2679(d)(1), (2) and (4). (*See* Doc. 4, n.1). Further, the United States seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for plaintiff's failure to wait six months from the filing of his administrative tort claim before filing his Complaint as required by the Federal Tort Claims Act, 28 U.S.C. §2675(a). (Doc. 10). In response, Plaintiff has filed a Memorandum in Opposition to the United States' Motion to Dismiss. (Doc. 12).

## OPINION

The United States Supreme Court interprets the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Westfall Act") to authorize judicial review of the Attorney General's certification with respect to the issue of substitution. *See Singleton v. United States* 277 F.3d 864, 870 (6th Cir. 2002)(citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)("Under our reading, the Attorney General's certification that a federal employee was acting within the scope of his employment ... does not conclusively establish as correct the substitution of the United States as defendant in place of the employee.").

The Sixth Circuit Court of Appeals has outlined the analysis a district court should employ in its review of the substitution issue. First, the scope-of-employment certification "provides prima facie evidence that the employee was acting within the scope of employment." *Singleton*, 277 F.3d at 870. Second, a plaintiff contesting such a certification "must produce evidence that demonstrates that the employee was not acting in the scope of employment." *Id.* at 871. Third, if such evidence is produced by plaintiff, the United States "must then produce evidentiary support for its certification." *Id.*

2

Using this framework, the Court finds that the scope-of-employment certification proffered by the United States withstands judicial scrutiny. Plaintiff has offered no evidence to rebut the certification of the United States Attorney for the Southern District of Ohio that "Rovanious Wilson was acting within the scope of his employment with the Department of Veterans Affairs at the time of the incidents alleged in the Complaint." (*See* Doc. 10, Exh. A, Certification of United States Attorney). Without any such evidence, the prima facie showing made by the United States Attorney is dispositive of this issue. *Singleton*, 277 F.3d at 870. Therefore, the substitution of the United States for Rovanious Wilson as defendant in this action is proper.

Having determined that the United States properly substituted itself as the Defendant in this case, the Court must now address the merits of Defendant's Motion to Dismiss. Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

The basis of Defendant's Motion to Dismiss is that Plaintiff failed to wait six months from the filing of his administrative tort claim before filing his Complaint as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). The United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Lehman v. Nakshian*, 453 U.S. 156,

160 (1981). Moreover, the United States may define the terms and conditions upon which it may be sued. *Block v. N.D. ex. rel. Bd. of Univ. Sch. Lands*, 461 U.S. 273, 287 (1983); *Honda v. Clark*, 386 U.S. 484, 501 (1967). The FTCA is the exclusive waiver of sovereign immunity for tort actions against the United States. *See* 28 U.S.C.§ 2679(a), (b). Thus, the requirements of the FTCA are to be strictly enforced and construed. *Pascale v. United States*, 998 F.2d 186 (3rd Cir. 1993). The FTCA precludes a law suit against the United States for personal injury or loss of property resulting from a negligent or wrongful act unless and until the claimant has first filed a claim with the appropriate federal agency. 28 U.S.C. § 2675. Having once filed a claim, the claimant may not seek recourse in Court until either the claim has been denied or six months pass without an agency decision on the matter. *See* 28 U.S.C., Section 2675(a). Plaintiff filed an administrative tort claim submitted on April 17, 2003 and dated on April 16, 2003. (Doc. 10, Exh. E, Declaration of Donald A. Adams, at ¶ 5). Plaintiff's present Complaint was filed on October 3, 2003, fourteen days short of the six months he was required to allow for adjudication of his claim. Thus, we find that Plaintiff has not fulfilled the jurisdictional prerequisites to the filing of this lawsuit. Accordingly, the Court lacks jurisdiction over this matter and this action should be dismissed.

In light of our finding above, we find that Plaintiff's Motion to Admit Laws/Motion for Judgment (Doc. 17) and Plaintiff's Motion to Answer Response of Response (Doc. 19) are moot and should be denied as such.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion to Dismiss (Doc. 10) be GRANTED pursuant to Fed. R. Civ. P. 12(b)(1) and this case be TERMINATED on the Court's Docket.

2) Plaintiff's Motion to Admit Laws/Motion for Judgment (Doc. 17) and Plaintiff's Motion to Answer Response of Response (Doc. 19) be DENIED AS MOOT.

Date: 1/26/05

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1-29-05. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Daniel M Hughes<br>11711 Princeton Pike<br>PMB 341-206<br>Cincinnati, OH 45246 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 0858 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:03 cv 769    doc.#22