```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | |
|---|---|
| DANIEL HUGHES, | : |
| | : NO. 1:03-CV-00769 |
| Plaintiff, | : |
| | : |
| | : **OPINION AND ORDER** |
| v. | : |
| | : |
| | : |
| ROVANIUS WILSON, | : |
| | : |
| Defendant. | : |
| | : |

Proceeding <u>pro se</u>, Plaintiff Daniel Hughes ("Hughes") filed the instant suit against Defendant Rovanius Wilson ("Wilson"), an employee of the United States Department of Veteran Affairs, in the Small Claims Division of the Hamilton County Municipal Court (doc. 1). In sum, Hughes seeks $3,000 in damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 for Wilson's alleged failure to deliver a certified letter properly, resulting in various unspecified "medical, travel, lodging, [and] food" expenses as well as "loss of work" (<u>Id</u>.).[1] Immediately

---

[1] Since this filing, Hughes has filed a number of different documents with the Court that appear to "alter" his claims somewhat. For example, in his "Memorandum - Evidence" (doc. 3), he asks the Court to order Wilson's arrest pursuant to "28 USCS 2679(d)(1), and (D)(2)" because his "action is deemed an action against the United States (<u>Id</u>.)(all errors in original). He also purports to "submit Standard Form 95 in the amount of one hundred thousand dollars...for injury of loss of property, or personal injury if death caused by the negligent or wrongful act or omissions of any employee of the government" (<u>Id</u>.)(all errors in original). He also purports to raise various criminal charges against Wilson as well. It is well established, of course, that criminal statutes do not create a private right of action for

thereafter, the Defendant removed the case to this Court (Id.). Subsequently, the United States filed an Answer in which it contended it should be substituted as the proper party Defendant in this case (doc. 4), an assertion that the Magistrate Judge properly construed as a motion. It also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, contending that Hughes failed to satisfy the procedural requirements for filing the instant suit (doc. 10). Hughes responded to the motion to dismiss (doc. 12), and the United States replied thereto (doc. 13), rendering the matter ripe for decision.[2]

On January 29, 2005, the assigned Magistrate Judge issued a Report and Recommendation (doc. 23) recommending that the United State's motion to substitute be granted and that its subsequent

---

civil parties, and they may only "be enforced by the proper authorities of the United States Government." American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc., 481 F.2d 90, 93 (6th Cir. 1973). Although his filings are not a model of clarity, the remainder of Hughes claims do purport to arise – in some manner – under the Federal Tort Claims Act, 28 U.S.C. § 2675. Accordingly – and in light of the fact that Hughes never moved for leave to amend his Complaint in any way – the Magistrate Judge properly focused his analysis on the requirements of this statute in his Report and Recommendation.

[2] Hughes also filed a number of other documents with the Court, including: (1) a "Motion To Clarify" (doc. 14) and (2) a reply in support thereof (doc. 16); (3) a "Motion For Order To Admit Laws/Motion for Judgment (doc. 17); (4) a "Motion To Answer Response Of Response Leave Of Court?" (doc. 19); and (5) a "Dispositive Motion" (doc. 20). The Court will address these in logical fashion infra.

motion to dismiss be granted as well.  He concluded that Hughes failed to satisfy the jurisdictional prerequisites for filing his FTCA claim and that, accordingly, this Court lacks subject matter jurisdiction over the instant dispute.  Hughes was served with the Report and Recommendation (doc. 23) and was therefore afforded proper notice thereof as required by 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  He has failed to file any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), rendering the matter ripe for decision by this Court.

After reviewing the matter de novo as required by 28 U.S.C. § 636, the Court finds the Magistrate Judge's conclusions with respect to the United States's two motions well reasoned and proper.  Although it is correct that the Attorney General's bare assertion that a particular federal employee was acting within the scope of his employment – and, therefore, that the United States is the proper Defendant for claims raised against the employee for torts committed in that capacity – is subject to judicial review, it appears to be sufficient to resolve the issue in this case.  See, e.g., Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995); Singleton v. United States, 277 F.3d 864, 870 (6th Cir. 2002).  In its motion for substitution, the United States has

certified that Wilson was acting in the scope of his employment at the time the alleged events forming the basis of Plaintiff's claims occurred. Significantly, Hughes does not appear to dispute this assertion.[3] In any event, the Magistrate Judge concluded that he failed to bear his burden of proffering evidence to the contrary, rendering the United States's assertion dispositive. See Singleton, 227 F.3d at 870. Accordingly, the Magistrate Judge's recommendation to substitute the United States as the party Defendant in this action is proper, and it will be adopted in full.

Having resolved this issue, the Court turns to the United States's motion to dismiss. Federal courts are courts of limited jurisdiction; that is, they may only hear the cases and "exercise those powers authorized by [the] Constitution and statute." Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604, 606 (6th Cir. 1998). A party seeking to invoke this Court's jurisdiction – here, the Plaintiff – bears the burden of proving that it enjoys jurisdiction over the case, including proving that any jurisdictional prerequisites have been satisfied. See, e.g.,

---

[3] Indeed, comments in a number of his filings would appear to concede the issue. For example, he contends that "[t]he U.S. is only proper defendant in FTCA" (doc. 19)(all errors in original). Similarly, he avers that the Federal Tort Claims Act provides a remedy for injuries "caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment" (doc. 3). Accordingly, the Court finds no dispute between the parties as to whether or not the United States is the proper named Defendant in this action.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  A defendant who believes any such prerequisites have not been satisfied may bring these deficiencies to the Court's attention via a motion filed pursuant to Fed. R. Civ. P. 12(b)(1), as the United States has done in this case.  The Court is then obligated to review the evidence before it in the case and determine whether it enjoys jurisdiction over it.  See, e.g., United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994); Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986).

As the Magistrate Judge correctly noted, the United States is immune from suit except where it has consented to be sued, as it has under the Federal Tort Claims Act.  See 28 U.S.C. § 2675(a); Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Accordingly, it may establish any prerequisites to filing suit against it, including the requirement that plaintiffs satisfy administrative exhaustion and time requirements.  See Block v. N.D. ex rel. Bd. of Univ. Sch. Lands, 461 U.S. 273, 287 (1983).  Failure to comply with these requirements effectively bars a plaintiff's cause of action, because the United States's immunity is not waived when such conditions have not been met.

Upon review of the undisputed procedural history before the Court, it is clear that Hughes has failed to satisfy the procedural requirements for bringing claims under the FTCA.  The FTCA requires all aggrieved parties to file a claim for their

-5-

personal injury or loss of property with the appropriate federal agency before they may proceed to have their claim heard in federal court. See 28 U.S.C. § 2675. While Hughes did so, it also required him to wait until the claim had been denied by the appropriate agency or six months had passed from the filing of his claim without the agency making a decision, whichever occurred first. See 28 U.S.C. § 2675(a). The agency did not issue a decision on his claim – filed on April 17, 2003 – and he filed the instant suit on October 3, 2003, fourteen days short of the six-month review period required by statute. While these few days might seem immaterial in light of the time already given the agency to render a decision on his claim, this Court simply has no discretion to alter the time period required by statute. To do so would impermissibly expand the scope of this Court's limited jurisdiction as defined by Congress by judicial fiat, a step clearly prohibited by decades of Supreme Court precedent. See, e.g., Kokkonen, 511 U.S. at 377. Accordingly, the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction of the instant case was eminently correct, and dismissal of the instant case for lack of such jurisdiction is required. In light of this finding, all of Plaintiff's other motions are moot.

        Accordingly, the Magistrate Judge's Report and Recommendation (doc. 23) is ADOPTED IN ITS ENTIRETY. The United States is hereby SUBSTITUTED as the proper party Defendant in this

action.  The United States's Motion to Dismiss (doc. 10) is GRANTED.  The instant case is hereby DISMISSED.  All of Plaintiff's remaining motions (docs. 14, 17, 19, and 20) are therefore DENIED AS MOOT.

       SO ORDERED.


Dated: June 30, 2005        s/S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge